IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO GOMEZ,

    Petitioner,               No. CIV S-06-2253 WBS GGH P

    vs.

THE PEOPLE, et al.,

    Respondents.          ORDER

                              /

          Petitioner, a state prisoner proceeding pro se, has used a state superior court habeas form to attempt to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. This filing is defective in several ways: not only is it on an inappropriate form, petitioner's application is filed in the wrong jurisdiction and is patently premature. Petitioner has also failed to either pay the required filing fee or to file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). He has also failed to name the proper respondent.[1]

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).

1

Petitioner is incarcerated in Vista, CA and was convicted in San Diego County. Both locations are in an area embraced by the United States District Court for the Southern District of California. Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. Because petitioner was not convicted in this district, and is not presently confined here, this court does not have jurisdiction to entertain the application.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Because this court does not have jurisdiction over this matter, the undersigned will not recommend dismissal of this petition for failure to exhaust state court remedies; however, as petitioner purports to challenge a sentence imposed on August 23, 2006, it appears that this matter should be dismissed on that ground.

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

DATED: 10/30/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gome2253.108+

2